IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF COMPHER<br>338 East Main Street<br>Chillicothe, Ohio 45601 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| SOFIDEL AMERICA CORP.<br>25910 U.S. Route 23<br>Circleville, Ohio 43113 | ) ) ) ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve Also:**<br>Sofidel America Corp.<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215 | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff, Jeff Compher, by and through undersigned counsel, as his Complaint against the Defendant states and avers the following:

**PARTIES, JURISDICTION & VENUE**

1. Compher is a resident of the city of Chillicothe, county of Ross, State of Ohio.

2. Sofidel America Corp. (hereinafter "Sofidel") is a corporation for profit that operates a place of business located at 25910 U.S. Route 23, Circleville, Ohio 43113.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Compher is alleging Federal Law Claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and The Americans with Disabilities Act ("ADA") 42 U.S.C. §12101 *et seq*.

4. This court has supplemental jurisdiction over Compher's state law claims pursuant to 28 U.S.C. § 1367 as Compher's state law claims are so closely related to his federal law claims

that they form part of the same case or controversy under Article III of the United States Constitution.

5. All of the material events alleged in this Complaint occurred in Pickaway County.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Within 300 days of the conduct alleged below, Compher dually filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"), Charge No. 532-2021-01220.

8. On or about July 15, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Compher regarding the Charges of Discrimination brought by Compher against Sofidel EEOC Agency Charge No. 532-2021-01220.

9. Compher received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

10. Compher has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11. Compher has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

12. Compher is a former employee of Sofidel.

13. Compher is male.

14. At all times material herein, Caleb Last Name Unknown (LNU) was an employee of Sofidel.

15. Caleb LNU is male.

16. Caleb LNU did not participate in the decision to hire Compher.

17. During Compher's employment with Sofidel, Caleb LNU frequently made sexual comments to and about Compher.

18. During Compher's employment with Sofidel, Caleb LNU called Compher "sexy."

19. In or around June 2019, Caleb LNU approached Compher and inappropriately touched him, grabbing Compher by his genitals. ("Caleb's Sexual Harassment")

20. Caleb's Sexual Harassment was offensive to Compher.

21. Compher did not consent to Caleb's Sexual Harassment.

22. Caleb's Sexual Harassment was embarrassing to Compher.

23. Caleb's Sexual Harassment was unwelcome to Compher.

24. Caleb LNU sexually harassed Compher because of Compher's gender.

25. In or around June 2019, Compher reported Caleb LNU to Sofidel human resources for grabbing his genitals and for his frequent sexual comments. ("Compher's Sexual Harassment Complaint")

26. In or around June 2019, Compher reported Caleb LNU to Sofidel human resources for frequently using inappropriate language, most notably the n-word, while at work. ("Compher's Discrimination Complaint")

27. Compher's Sexual Harassment Complaint and Compher's Discrimination Complaint will be together referenced as "Compher's First Complaints".

28. In or around June 2019, Sofidel human resources dismissed Compher's First Complaints.

29. In or around June 2019, Sofidel human resources responded to Compher's First Complaints by informing him that their content was hearsay.

30. Upon information and belief, Sofidel policies do not require that human resources investigations comply with the Federal Rules of Evidence.

31. Upon information and belief, Sofidel policies do not require that human resources investigations comply with the Ohio Rules of Evidence.

32. Sofidel's dismissal of Compher's First Complaints on grounds that they contained hearsay was improper.

33. Sofidel's dismissal of Compher's First Complaints was an adverse action against Compher.

34. Sofidel dismissed Compher's First Complaints on the basis of his gender.

35. Based on Sofidel policies, Compher's First Complaints were considered to be significant workplace incidents.

36. Defendants have a policy and practice of fully investigating significant workplace incidents.

37. Defendants have a policy and practice of getting written statements from all participants to significant workplace incidents.

38. Defendants have a policy and practice of getting written statements from all witnesses to significant workplace incidents.

39. Defendants violated their policy and practice of fully investigating significant workplace incidents regarding Compher's First Complaints.

40. Defendants violated their policy and practice of getting written statements from all participants to significant workplace incidents regarding Compher's First Complaints.

41. Defendants violated their policy and practice of getting written statements from all witnesses to significant workplace incidents regarding Compher's First Complaints.

42. Defendants' failure to follow their policy and practice of fully investigating significant workplace incidents was an adverse action against Compher.

43. Defendants' failure to follow their policy and practice of getting written statements from all participants to significant workplace incidents was an adverse action against Compher.

44. Defendants' failure to follow their policy and practice of getting written statements from all witnesses to significant workplace incidents was an adverse action against Compher.

45. Sofidel disregarded Compher's First Complaints and failed to take any action with respect to Caleb LNU's workplace conduct.

46. Caleb LNU was not given a verbal warning as a result of his discriminatory conduct and remarks to Compher.

47. Caleb LNU was not given a written warning as a result of his discriminatory conduct and remarks to Compher.

48. Caleb LNU's employment at Sofidel was not suspended as a result of his discriminatory conduct and remarks to Compher.

49. Caleb LNU's employment at Sofidel was not terminated as a result of his discriminatory conduct and remarks to Compher.

50. Subsequent to Compher's First Complaints, Sofidel allowed Caleb LNU and Compher to continue working together.

51. Sofidel's failure to take corrective or remedial action in response to Compher's First Complaints was an adverse action against Compher on the basis of his gender.

52. On or around April 20, 2020, Compher suffered a hip injury.

53. Compher's hip injury substantially impaired one or more of his major life activities, including walking and working.

54. As a result of suffering from a hip injury in April 2020, Compher is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

55. As a result of suffering from a hip injury in April 2020, Compher is and was considered disabled within the meaning of the ADA 42 U.S.C. 126 § 12101 *et seq*.

56. In the alternative, Sofidel perceived Compher as being disabled.

57. In the alternative, Sofidel perceived that Compher's medical condition constituted a physical impairment.

58. In the alternative, Sofidel perceived Compher's disability to substantially impair one or more of his major life activities, including walking and working.

59. Despite this actual or perceived disabling condition, Compher was still able to perform the essential functions of his job.

60. On or around April 20, 2020, Compher qualified for FMLA leave.

61. On or around April 20, 2020, Compher was entitled to use FMLA leave.

62. On or around April 20, 2020, Compher requested to take FMLA leave from Sofidel.

63. Between April 20, 2020 and September 21, 2020, Compher utilized FMLA leave from Sofidel.

64. On or around April 20, 2020, Compher's doctors determined that Compher needed a non-emergency hip replacement surgery.

65. In or around April 2020, Compher requested that Sofidel allow him to return to work with a reasonable accommodation for his disability.

66. In or around April 2020, Compher requested that Sofidel allow him to sit while carrying out his work duties.

67. Compher's request for an accommodation was reasonable.

68. In or around April 2020, Compher requested that Sofidel allow him to return to work with a reasonable accommodation for his disability.

69. In or around April 2020, Sofidel denied Compher's disability accommodation request.

70. In or around April 2020, Sofidel prohibited Compher from returning to work with a reasonable accommodation for his disability.

71. In or around April 2020, Sofidel forced Compher to stay on FMLA leave.

72. At all times material herein, Amy Parsons was employed at Sofidel as manager of human resources.

73. On or around September 21, 2020, Parsons met with Compher.

74. At the meeting, Compher was given termination papers and informed the reason for his termination was his inability to return to work.

75. Sofidel denied Compher's request to return to work from FMLA leave.

76. Sofidel denied Compher's request for an accommodation that would allow him to return to work.

77. Sofidel terminated Compher's employment shortly before he was due to return from FMLA leave.

78. Upon information and belief, Sofidel has a policy that requires it provide reasonable accommodations to employees with disabilities.

79. Sofidel repeatedly denied Compher's requests for reasonable accommodations.

80. Upon information and belief, Sofidel has a progressive disciplinary policy.

81. Upon information and belief, Sofidel's disciplinary policy calls for escalating levels of discipline for infractions, beginning with a verbal warning, followed by a written warning, and ultimately leading up to termination.

82. Compher did not receive a verbal warning.

83. Compher did not receive a written warning.

84. Compher did not receive a second written warning.

85. By terminating Compher, Sofidel violated its own progressive discipline policy.

86. Sofidel's purported reason for Compher's termination is pretext for disability discrimination.

87. On or about September 21, 2020, Compher was actually terminated in retaliation for making protected complaints of sexual harassment.

88. In the alternative, Compher was actually terminated in retaliation for making protected complaints of discrimination.

89. In the alternative, Compher was actually terminated in retaliation for making protected complaints of failure to accommodate his disability.

90. Upon information and belief, Sofidel did not force similarly-situated, non-disabled employees to remain on FMLA leave after requesting to return to work.

91. Upon information and belief, Sofidel permitted similarly-situated, non-disabled employees to retain their employment despite having performance that was similar to or worse than Compher's.

92. Upon information and belief, Sofidel permitted similarly-situated employees who had not complained of sexual harassment to retain their employment despite having performance that was similar to or worse than Compher's.

93. Defendants' did not proffer a legitimate non-discriminatory reason for terminating Compher.

94. As a result of being constantly harassed and insulted on the basis of disability during his employment at Sofidel, and being wrongfully terminated from Sofidel, Compher has suffered severe emotional distress, anxiety, and depression.

95. Upon information and belief, subsequent to Compher's termination, Defendants hired a non-disabled person to replace Compher.

96. The above facts demonstrate that Defendants engaged in a pattern and practice of disability discrimination.

97. The above facts demonstrate that Defendants engaged in a pattern and practice of unlawful retaliation.

98. The above facts demonstrate that Defendants engaged in a pattern and practice of FMLA retaliation.

99. There was a causal connection between Compher's disability and Defendants' termination of Compher.

100. There was a causal connection between Compher's Sexual Harassment Complaint and Defendants' termination of Compher.

101. There was a causal connection between Compher's Disability Discrimination Complaint and Defendants' termination of Compher.

**COUNT I: RETALIATION IN VIOLATION OF THE FMLA**

102. Compher restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

103. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

104. Sofidel is a covered employer under the FMLA.

105. During his employment, Compher qualified for FMLA leave.

106. During his employment, Compher utilized FMLA leave.

107. After Compher utilized his qualified FMLA leave, Defendant retaliated against him.

108. Defendant retaliated against Compher by terminating his employment.

109. Defendant willfully retaliated against Compher in violation of U.S.C. § 2615(a)

110. As a direct and proximate result of Defendant's wrongful conduct, Compher is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

111. Compher restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. During his employment, Compher attempted to request that he return from FMLA leave by asking Defendant to schedule his return to work.

113. Defendant failed to properly advise Compher of his rights under the FMLA.

114. Defendant unlawfully violated Compher's right to job-protected leave under the FMLA.

115. Defendant unlawfully interfered with Compher's exercise of his rights under the FMLA in violation of Section 105 of the FMLA and Section 825.220 of the FMLA regulations.

116. Compher's act of terminating Compher's employment during his FMLA leave violated and interfered with Compher's FMLA rights.

117. Defendants violated §§ 825.300(c)(1) and 825.214 of the FMLA and interfered with Compher's FMLA rights when Defendant prevented Compher from returning from FMLA leave.

118. As a direct and proximate result of Defendant's conduct, Compher is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT III:  DISCRIMINATION AND HARASSMENT ON THE BASIS OF SEX IN VIOLATION OF TITLE VII

119. Compher restates each and every paragraph of this Complaint as though it were fully restated herein.

120. Compher is a member of a statutorily protected class based on his gender under Title VII.

121. Defendant treated Compher differently than other similarly-situated employees based on his gender.

122. Defendant discriminated against Compher on the basis of his gender throughout his employment.

123. Sofidel's discrimination against Compher based on his gender violates Title VII.

124. Compher was subjected to unwelcome sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

125. Sofidel created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments, inappropriate sexual gestures, and sexual advances.

126. As a direct and proximate result of the intimidating, offensive, and hostile environment created and sustained by Sofidel, Compher repeatedly reported the sexual harassment to Sofidel both verbally and in writing.

127. Sofidel's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of Title VII.

128. Caleb LNU's sexual harassment of Compher occurred while he was acting in the course and scope of his employment.

129. Sofidel had knowledge of the sexual harassment and failed to take any corrective or remedial action.

130. As a direct and proximate result of Sofidel's conduct, Compher suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT IV: DISCRIMINATION AND HARASSMENT ON THE BASIS OF SEX IN VIOLATION OF R.C. § 4112.01 *et seq*.

131. Compher restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

132. Compher is a member of a statutorily protected class based on his gender under R.C. § 4112.02.

133. Defendants treated Compher differently than other similarly-situated employees based on his gender.

134. Defendants discriminated against Compher on the basis of his gender throughout his employment.

135. Compher was subjected to unwelcomed sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

136. Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcomed sexual comments, inappropriate sexual gestures, and sexual advances.

137. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendants, Compher reported the sexual harassment to his supervisor both verbally and in writing.

138. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. § 4112.02(A).

139. Caleb LNU's sexual harassment of Compher occurred while he was acting in the course and scope of his employment at Sofidel.

140. Compher's supervisor had knowledge of Caleb LNU's sexual harassment and failed to take any corrective or remedial action.

141. Compher suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

142. As a direct and proximate result of Defendants' conduct, Compher has suffered and will continue to suffer damages, including economic, and emotional distress damages.

## COUNT V: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

143. Compher restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

144. Compher suffers from a hip injury.

145. Compher is disabled.

146. In the alternative, Sofidel perceived Compher as being disabled.

147. Compher's condition constituted a physical impairment.

148. Compher's condition substantially impaired one or more of his major life activities including walking and working.

149. Sofidel perceived Compher's condition to substantially impair one or more of his major life activities including walking and working.

150. Sofidel treated Compher differently than other similarly-situated employees based on his disabling condition.

151. Sofidel treated Compher differently than other similarly-situated employees based on his perceived disabling condition.

152. On or about September 21, 2020, Defendant terminated Compher's employment without just cause.

153. Defendant terminated Compher's employment based his disability.

154. Defendant terminated Compher's employment based his perceived disability.

155. Defendant violated the ADA when it discharged Compher based on his disability.

156. Sofidel violated the ADA by discriminating against Compher based on his disabling condition.

157. Compher suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 12101 *et seq*.

158. As a direct and proximate result of Defendant's conduct, Compher suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT VI: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. §4112.01 *et seq*.

159. Compher restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

160. Compher suffers from a hip injury.

161. Compher is disabled.

162. In the alternative, Sofidel perceived Compher as being disabled.

163. Compher's condition constituted a physical impairment.

164. Compher's condition substantially impaired one or more of his major life activities including walking and working.

165. Sofidel perceived Compher's condition to substantially impair one or more of his major life activities including walking and working.

166. Sofidel treated Compher differently than other similarly-situated employees based on his disabling condition.

167. Sofidel treated Compher differently than other similarly-situated employees based on his perceived disabling condition.

168. On or about September 21, 2020, Defendant terminated Compher's employment without just cause.

169. Defendant terminated Compher's employment based his disability.

170. Defendant terminated Compher's employment based his perceived disability.

171. Defendant violated R.C. § 4112.02 when it discharged Compher based on his disability.

172. Sofidel violated R.C. § 4112.02 by discriminating against Compher based on his disabling condition.

173. Compher suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

174. As a direct and proximate result of Defendant's conduct, Compher suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT VII: FAILURE TO ACCOMODATE UNDER THE AMERICANS WITH DISABILITY ACT

175. Compher informed Sofidel of his disabling condition.

176. Compher requested accommodations from Sofidel to assist with his disabilities including that Compher be allowed to sit while he worked.

177. Compher's requested accommodations were reasonable.

178. There was an accommodation available that would have been effective and would have not posed an undue hardship to Sofidel.

179. Sofidel failed to engage in the interactive process of determining whether Compher needed an accommodation.

180. Sofidel failed to provide an accommodation.

181. Sofidel violated The Americans with Disabilities Act (ADA) 42 U.S.C. 126 § 12101 *et seq*.

182. As a direct and proximate result of Sofidel's conduct, Compher suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT VIII: FAILURE TO ACCOMODATE UNDER O.R.C. 4112.01 et. seq.

183. Compher informed Defendants of his disabling condition.

184. Compher requested accommodations from Defendants to assist with his disabilities including that he be allowed to sit while working.

185. Compher's requested accommodations were reasonable.

186. There was an accommodation available that would have been effective and would have not posed an undue hardship to Sofidel.

187. Defendants failed to engage in the interactive process of determining whether Compher needed an accommodation.

188. Defendants failed to provide an accommodation.

189. Defendants violated R.C. § 4112.02 by failing to provide Compher a reasonable accommodation.

190. Compher suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

191. As a direct and proximate result of Defendants' conduct, Compher suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT IX: RETALIATION IN VIOLATION OF TITLE VII AND THE ADA

192. Compher restates each and every prior paragraph of this complaint, as if it were fully restated herein.

193. As a result of the Defendants' conduct described above, Compher complained about the sexual harassment he was experiencing.

194. As a result of the Defendants' discriminatory conduct described above, Compher complained about the discrimination he was experiencing.

195. As a result of the Defendants' discriminatory conduct described above, Compher complained about Defendants' failure to accommodate his disability.

196. Subsequent to Compher's complaints to his supervisor and employer, Compher was forced to remain on FMLA leave past his request to return to work.

197. Subsequent to Compher's complaints to his supervisor and employer, Compher's employment was unfairly terminated.

198. Defendant's actions were retaliatory in nature based on Compher's opposition to the unlawful sexual harassment.

199. Defendant's actions were retaliatory in nature based on Compher's opposition to the unlawful discrimination by Sofidel.

200. Pursuant to Title VII, it is an unlawful discriminatory practice to retaliate against an employee for opposing discrimination or for filing an EEOC charge.

201. Pursuant to the ADA, 42 U.S.C. § 12101 *et seq.*, it is an unlawful discriminatory practice to retaliate against an employee for opposing discrimination.

202. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Compher, he suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT X: RETALATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

203. Compher restates each and every prior paragraph of this complaint, as if it were fully restated herein.

204. As a result of the Defendants' conduct described above, Compher complained about the sexual harassment he was experiencing.

205. As a result of the Defendants' discriminatory conduct described above, Compher complained about the discrimination he was experiencing.

206. Subsequent to Compher reporting sexual harassment to his supervisor and employer, Compher was forced to remain on FMLA leave past his request to return to work.

207. As a result of the Defendant's discriminatory conduct described above, Compher complained about Sofidel's refusal to accommodate his disability.

208. Subsequent to Compher's complaints of discrimination to his supervisor and employer, Compher's employment was unfairly terminated.

209. Defendant's actions were retaliatory in nature based on Compher's opposition to the unlawful sexual harassment.

210. Defendant's actions were retaliatory in nature based on Compher's opposition to the unlawful disability discrimination by Sofidel.

211. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

212. Compher suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 et seq.

213. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Compher, he suffered and will continue to suffer damages, including economic and emotional distress damages.

**DEMAND FOR RELIEF**

WHEREFORE, Compher demands from Defendants the following:

(a) Issue an order requiring Sofidel to restore Compher to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Compher for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Compher's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Gregory T. Shumaker*
Trisha Breedlove (0095852)
Gregory T. Shumaker (0095552)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Trisha.Breedlove@spitzlawfirm.com
Email: Greg.Shumaker@spitzlawfirm.com
*Attorneys For Plaintiff*

## **JURY DEMAND**

Plaintiff Jeff Compher demands a trial by jury by the maximum number of jurors permitted.

                                        */s/ Gregory T. Shumaker*
                                        Trisha Breedlove (0095852)
                                        Gregory T. Shumaker (0095552)
                                        **THE SPITZ LAW FIRM, LLC**